# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NERNELL DEVON BUSH,<br><br>　　　　　　　　Plaintiff,<br>　vs.<br>J. WALKER, Warden,<br><br>　　　　　　　　Defendant. | CASE NO. 11-CV-1309-H (WVG)<br><br>**ORDER GRANTING MOTION<br>FOR EXTENSION OF TIME** |

On June 13, 2011, Petitioner, a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a motion to proceed in forma pauperis. (Doc. Nos. 1 & 2.) On June 16, 2011, the Court granted Petitioner's motion to proceed in forma pauperis, but dismissed the Petition because Petitioner did not name a proper Respondent. (Doc. No. 4.) Petitioner was informed that if he wished to proceed with this action he was required to file a First Amended Petition that named a proper Respondent on or before August 22, 2011. (Id. at 3.)

On August 15, 2011, Petitioner filed a First Amended Petition along with a motion for stay and abeyance. (Doc. Nos. 6 & 7.) The First Amended Petition named a proper Respondent, but it contained a single claim that had not been included in the original Petition. (Doc. No. 7.) The claim in the First Amended Petition did not indicate whether Petitioner's claim had been presented to the state supreme court. (Id. at 6.) On August 26, 2011, the Court

dismissed the First Amended Petition without prejudice because it contained only an unexhausted claim. (See Doc. No. 8 at 2) (citing Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006)). The Court also denied Petitioner's motion for stay and abeyance because it was predicated on the Court staying the First Amended Petition while he exhausted his unidentified claims. (Doc. No. 8 at 2.)

On October 17, 2011, Petitioner filed a Second Amended Petition along with a motion for stay and abeyance. (Doc. Nos. 9 & 10.) The Second Amended Petition also contained a single unexhausted claim. (Doc. No. 9 at 6.) On October 19, 20122, the Court dismissed the Second Amended Petition without prejudice because it contained only an unexhausted claim. (Doc. No. 11 at 3.) The Court also denied Petitioner's motion for stay and abeyance because it was predicated on an unexhausted claim. (Id.)

The Court granted Petitioner until December 5, 2011 to file a Third Amended Petition containing at least one unexhausted claim. (Id.) The Court notified Petitioner that failure to file an amended petition before the deadline would result in dismissal of the action. In addition, the Court informed Petitioner that failure to file an amended petition before the deadline would require Petitioner to file a new habeas action if he wished to continue to pursue any claim that he may have. (Id. at 3-4.)

On April 19, 2012, more than four months after Petitioner's deadline had expired, Petitioner filed a motion for a 90 day extension of time to file a Third Amended Petition. (Doc. No. 13.) Petitioner states that the delay was caused by lack of access to his legal paperwork. (Id.) In light of Petitioner's representations concerning the cause for delay, the Court grants Petitioner an extension of time. Petitioner may file a Third Amended Petition on or before **June 11, 2012**.

**IT IS SO ORDERED.**

Dated: May 10, 2012

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT